The Memorandum Decision and Order below is hereby signed. Dated: June 23, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KEVIN O. HANLEY, | ) | Case No. 08-00123 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CAROLINA FIRST BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-10014 |
| KEVIN O. HANLEY, | ) | |
| | ) | Not for Publication in |
| Defendant. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE MOTION FOR DEFAULT JUDGMENT

This addresses the Motion for Entry of Default Judgment Against Kevin O. Hanley filed by the plaintiff, including the Affidavit of Jeffrey M. Orenstein. The time for defendant, Kevin O. Hanley, to respond to the complaint has expired without an answer or responsive motion being filed. The plaintiff seeks relief under 11 U.S.C. §§ 523(a)(2)(A) and (B) and 523(a)(6). The complaint makes out a good claim under § 523(a)(2)(A) and (B), but it is questionable whether it states a valid basis for

relief under § 523(a)(6) which is not incorporated verbatim into chapter 13 under 11 U.S.C. § 1328(a).  Although language similar to § 523(a)(6) is included in § 1328(a)(4), it requires an award in a civil action, and, in any event, is limited to acts that caused personal injury to "an individual" or the death of "an individual."  The plaintiff is not an individual.  Moreover, it is doubtful even under § 523(a)(6) that procuring a loan by fraud constitutes willful injury to the lender's property.  But the granting of relief under § 523(a)(2) makes it unnecessary to reach the issue of relief under § 523(a)(6).  It is thus

    ORDERED that plaintiff's Motion be, and the same hereby is, granted in part; and it is further

    ORDERED that judgment will be entered in favor of plaintiff and against Kevin O. Hanley determining that the debt that Kevin O. Hanley owes the plaintiff is nondischargeable under § 523(a)(2)(A) and (B), and dismissing as moot the claim for relief under § 523(a)(6).

                                [Signed and dated above.]

Copies to: All counsel of record; debtor; Michael R. Murphey, Esq.; Cynthia A. Niklas, Chapter 13 Trustee.